Affirmed and Opinion filed _____________, 2002















Affirmed and Opinion
filed April 24, 2003.                                                      

 

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00571-CR

____________

 

JOSE NICOLAS
ESTRADA, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the 228th District Court

                                                           Harris
 County, Texas                       

Trial Court Cause
No. 901,418




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



M E M O R
A N D U M   O P I N I O N

A jury found appellant guilty of burglary of a habitation
with the intent to commit theft and, after he pleaded true to two prior felony
convictions, assessed punishment at seven years’ imprisonment.  He contends the evidence was legally and
factually insufficient because no one
saw him enter the burglarized residence, no one could positively identify him,
and no fingerprints tied him to the burglary.  As all
dispositive issues are clearly settled in law, we
issue this memorandum opinion.  See Tex R. App. P. 47.1. 
Applying the usual standards of review, we affirm.  See Reyes
v. State, 84 S.W.3d 633, 636 (Tex. Crim. App.
2002) (legal sufficiency); King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000) (factual sufficiency).  

Two witnesses testified
that around midnight they
saw one or two men loading a brown Lincoln Town Car in the driveway of a vacant
house in the Heights area of Houston.  Dr.
Erik Felton saw two men, one of whom he described as Hispanic and younger than
the other.  (Appellant, a Hispanic male, is
younger than the non-Hispanic man also arrested in connection with the burglary.)  Elsa Villarreal saw only one man, but saw the
same car, with a large white appliance protruding from the trunk.  Both called the police.

Within two minutes of
their calls, an officer arrived on the scene. 
Shortly thereafter, another officer a little more than a mile from the
burglarized house spotted a Lincoln Town Car matching the description provided
by the eyewitnesses.  Two men (including
appellant) and a sink were inside the car, and a stove protruded from the
trunk.  Both appliances were later identified
by the landlord as items taken from the burglarized residence.  Although neither eyewitness could positively identify
either of the men, both positively identified the Lincoln Town Car as the
vehicle that had been parked in the driveway. 


Additionally, the
evidence at trial showed the back door to the residence was open and a rear
window had been broken.  The owner of the
house testified the house had been secured before that evening, and he had
never given appellant (whom he did not know) permission to enter it.  

A person commits
burglary by entering a habitation without consent of the owner with the intent
to commit a felony, theft, or an assault. 
See Tex. Penal Code Ann. § 30.02. 
Both identity and entry may be proven by circumstantial evidence.  See
Earls v. State, 707 S.W.2d 190, 196
(Tex. Crim. App. 1984) (identity); Smith v. State, 56 S.W.3d 739, 744 (Tex.
App.—Houston [14th Dist.] 2001, no pet.) (identity); see also Gilberston v. State, 563 S.W.2d 606, 608 (Tex. Crim.
App. 1978) (entry); Draper v. State, 681
S.W.2d 175, 177 (Tex. App.—Houston [14th Dist.] 1984, writ ref’d.)
(entry). Accordingly, we find the
evidence was both legally and factually sufficient. 

We overrule
appellant’s points of error and affirm the judgment of the trial court.

 

                                                                                                                                                                                                                        /s/        Scott Brister

                                                                        Chief
Justice

 

Judgment
rendered and Opinion filed April 24,
 2003.

Panel consists
of Chief Justice Brister and Justice Fowler and Senior Chief Justice Murphy.[1]

Do
Not Publish — Tex. R. App. P. 47.2(b).











[1] Senior
Chief Justice Paul C. Murphy participating by assignment.